[Cite as *Bonnette v. Bonnette*, 2013-Ohio-981.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| TERRY BONNETTE | | C.A. No.     12CA010175 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID G. BONNETTE | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.     10DR073095 |

DECISION AND JOURNAL ENTRY

Dated: March 18, 2013

---

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, David G. Bonnette ("Husband"), appeals from the November 30, 2011, and January 12, 2012 judgment entries of the Lorain County Court of Common Pleas, Division of Domestic Relations. For the following reasons, the appeal is dismissed.

I.

{¶2} In 2011, Husband and Terry A. Bonnette ("Wife") divorced after twenty-five years of marriage. The matter was tried before the court, and a divorce decree was journalized on November 30, 2011. In its decree, the trial court made specific findings of fact with regard to the parties' real property, marital and individual debt, retirement, personal property, incomes, and vehicles. Based upon these findings, the trial court awarded Wife $1,000.00 per month in spousal support for a duration of 60 months. Instead of directly appealing from the divorce

decree, Husband filed: (1) a motion to interpret, and (2) a request for findings of fact and conclusions of law pursuant to Civ.R. 52.

{¶3} On January 12, 2012, the trial court denied both motions stating: "[t]his Court issued a Final Entry of Divorce on November 30, 2011. [Husband] has filed a Request for Findings of Fact and Conclusions of Law as well as a Motion to Interpret. The Court has issued sufficient findings of fact and conclusions of law in its entry dated November 30, 2011."

{¶4} Husband filed his notice of appeal on February 6, 2012. He attempted to appeal from both the November 30, 2011, and January 12, 2012 judgment entries, and raises six assignments of error for our consideration, which we decline to reproduce here.

II.

{¶5} The record indicates that, instead of directly appealing the November 30, 2011 divorce decree, Husband filed a Civ.R. 52 motion asking that the trial court issue findings of fact and conclusions of law. Civ.R. 52 states, in relevant part, that:

> When questions of fact are tried by the court without a jury, judgment *may be general* for the prevailing party unless one of the parties in writing requests otherwise * * * not later than seven days after the party filing the request has been given notice of the court's announcement of its decision * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

(Emphasis added.) Further, App. R. 4(A) states that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." However, pursuant to App.R. 4(B)(2), the time for filing an appeal can be tolled in a civil case, "if a party files any of the following, *if timely and appropriate*: * * * (d) a request for findings of fact and conclusions of law under Civ.R. 52[.]" (Emphasis added.)

{¶6} Here, the trial court journalized the parties' divorce decree on November 30, 2011. The record indicates that notice of the filing of the divorce decree was issued to the parties that same day. Additionally, the divorce decree was not a general judgment for either Husband or Wife because it included separate findings of fact and conclusions of law as contemplated by Civ.R. 52. As such, it was not appropriate for Husband to file a Civ.R. 52 motion requesting additional findings of fact and conclusions of law. Because Husband's Civ.R. 52 motion was not appropriate, the time for appealing the November 30, 2011 divorce decree was not tolled and Husband's appeal from the parties' divorce decree is untimely. *See Nigro v. Nigro*, 9th Dist. No. 04CA008461, 2004-Ohio-6270, ¶ 14 (where Wife moved for findings of fact and conclusions of law pursuant to Civ.R. 52 when the trial court had already issued these findings in its original decision, this Court stated "[w]e see no need for the trial court to issue the exact same decision in response to a motion for Civ.R. 52 findings where those findings have previously been made").

{¶7} Therefore, because Husband's attempted appeal from the divorce decree is untimely, this Court does not have jurisdiction to consider it. *See* App. R. 4(A); *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) ("Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal.").

{¶8} We note that Husband also indicated that he is appealing from the January 12, 2012 judgment entry that dismissed his motions to interpret, and for findings of fact and conclusions of law. Although an appeal from this judgment entry would have been timely, Husband assigns no error and makes no argument in support of his appeal from this particular order. *See* App.R. 16(A)(3)/(7). Instead, Husband assigns as error that the trial court erred in: (1) issuing an unnecessary restraining order, (2) failing to properly consider R.C. 3105.18(C)(1)(g)

in determining spousal support, (3) dividing Husband's pension, (4) admitting certain documents at trial, (5) making a mathematical error in the parties' divorce decree, and (6) failing to retain jurisdiction of spousal support. Each assigned error relates to the November 2011 order from which no timely appeal was taken. "[I]t is well settled that '[a]ppellants have the burden of affirmatively demonstrating error on appeal.' 'Where an appellant fails to cite to any law supporting their assignments of error, it is not this [C]ourt's duty to create an argument for them.'" *Pascual v. Pascual*, 9th Dist. No. 12CA0036-M, 2012-Ohio-5819, ¶ 6, quoting *Sherlock v. Myers,* 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 4, citing *Cardone v. Cardone,* 9th Dist. Nos. 18349, 18673, 1998 WL 224934, *8 (May 6, 1998). As such, we decline to create Husband's arguments on appeal with regard to the January 12, 2012 judgment entry.

### III.

{¶9}    For the foregoing reasons, Husband's appeal is dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
WHITMORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DAVID G. BONNETTE, pro se, Appellant.

BARBARA A. WEBBER, Attorney at Law, for Appellee.