[Cite as *Price v. Klapp*, 2014-Ohio-5644.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT       )

DEBRA L. PRICE                     C.A. No.     27343

        Appellant

        v.                         APPEAL FROM JUDGMENT
                                   ENTERED IN THE
JOHN A. KLAPP                      COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
        Appellee                   CASE No.     2010-06-1662

DECISION AND JOURNAL ENTRY

Dated: December 23, 2014

CARR, Judge.

{¶1}    Appellant Debra Price, fka Klapp, appeals a journal entry issued by the Summit County Court of Common Pleas, Domestic Relations Division, which effectively vacated a magistrate's prior decision, set discovery deadlines, and scheduled the matter for a final evidentiary hearing.  This Court dismisses for lack of a final, appealable order.

I.

{¶2}    When Debra Price ("Mother") and John Klapp ("Father") were divorced in 2011, they agreed to the allocation of parental rights and responsibilities regarding their sole child pursuant to a shared parenting plan.  The plan provided that Father would have companionship with the child Monday through Friday from 8 a.m. until 4 p.m.; on alternating weekends from Friday at 8 a.m. through Monday at 4 p.m.; and during summer vacation, holidays, and days of special meaning pursuant to the domestic relations court's standard parenting time schedule. Under this plan, Father spent all day during the week with the preschool child.  One and a half

years later, Mother filed a multi-branch motion to suspend Father's visitation, to modify custody and the allocation of parental rights and responsibilities, to modify parenting time, and to appoint an attorney guardian ad litem for the then-four-year old child.

{¶3} Nearly a year later, the magistrate heard the matter and issued an order, pending a later "final evidentiary hearing." In the interim, the magistrate ordered the suspension of Father's parenting time, while Father's family could have two hours per week of supervised visitation with the child. The magistrate further ordered the child to submit to a forensic evaluation, Mother to submit to a psychological evaluation, and Father to submit to a test to measure his affinity of sexual interest in persons of various ages. The magistrate then scheduled a final evidentiary hearing to occur after the results of all ordered evaluations were available. In the interim, Father filed a motion for companionship and custody.

{¶4} The magistrate heard the parents' competing motions and issued a decision terminating the parties' shared parenting plan, naming Mother as the sole residential parent and legal custodian, and suspending Father's parenting time until further order of the court. Father filed timely objections to the magistrate's decisions. A major basis for his objections was that the magistrate held the hearing 20 days prior to the date scheduled for hearing in the absence of Father and his attorney. Mother filed a brief in opposition. The domestic relations court sustained Father's objections, noting that an earlier case management order by the magistrate clearly and unambiguously scheduled the final evidentiary hearing for January 28, 2014, rather than January 8, 2014, when the magistrate held the hearing in Father's absence. Accordingly, the trial court remanded the matter to the magistrate for a hearing during which the magistrate would set discovery deadlines and schedule a final evidentiary hearing to resolve the parents'

pending disputes regarding the allocation of parental rights and responsibilities and companionship time. Mother has appealed, raising two assignments of error for review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED A NEW TRIAL DATE AND A NEW DISCOVERY ORDER AFTER APPELLEE FAILED TO APPEAR AT HIS OWN TRIAL AND FAILED TO ADHERE TO THE PRIOR DISCOVERY ORDER.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER, BALANCE AND PROTECT THE RIGHTS AND BEST INTEREST OF THE MINOR CHILD WHEN NEW TRIAL DATES AND A NEW DISCOVERY SCHEDULE WAS ORDERED.

{¶5} Mother argues that the trial court erred by issuing a new discovery order and remanding the matter to the magistrate for a new final evidentiary hearing. Because the journal entry appealed is not a final, appealable order, this Court does not have jurisdiction to address the merits of Mother's arguments.

{¶6} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000). "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 229 (1999); *see also* R.C. 2505.02(B)(1).

{¶7} This issue was addressed by the Tenth District Court of Appeals in *Volkert v. Southern Auto Sales, Inc.*, 10th Dist. Franklin No. 10AP-422, 2010-Ohio-5820, and we find that court's reasoning persuasive. First, pursuant to Civ.R. 53(D)(4)(e)(i), while the trial court may immediately adopt a magistrate's decision and enter judgment prior to the expiration of the 14-day period for objections, the filing of timely objections "operate[s] as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." *See also Volkert* at ¶ 12. "Accordingly, magistrate decisions are interlocutory in nature, and remain so, even after a trial court adopts them, 'unless and until the court enters a final order that determines all the claims for relief in the action or determines that there is no just reason for delay.'" *Id.*, quoting *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, ¶ 19 (4th Dist.). In this case, therefore, the magistrate's January 13, 2014 decision terminating the parties' shared parenting plan, naming Mother as the sole residential parent and legal custodian, and suspending Father's parenting time "was subject to change and could be reconsidered upon [Father's] timely objections." *See Volkert* at ¶ 12.

{¶8} Second, the trial court's journal entry ruling on Father's objections does not dispose of the substantive issues of the case. "It does not determine any of the issues between the parties, nor does it prevent judgment in [Mother's] favor. Instead, it merely resets the matter for further proceedings before the trial court." *See id.* at ¶ 13. Accordingly, the domestic relations court's journal entry does not satisfy the requirements of R.C. 2505.02(B)(1).

{¶9} Finally, while Civ.R. 54(B) allows a trial court to enter judgment as to fewer than all claims or parties upon certification that there is no just reason for delay, there is no such certification here. Accordingly, even if the discovery and rescheduling orders disposed of

individual claims, the absence of Civ.R. 54(B) certification would preclude this Court's review until resolution of all claims as to all parties.

{¶10} For the reasons enunciated above, this Court concludes that the trial court's journal entry setting discovery deadlines and rescheduling a new final evidentiary hearing is not a final, appealable order. Therefore, as we lack the jurisdiction to address the issues raised herein, we must dismiss Mother's appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

BETH A. JUDGE, Attorney at Law, for Appellant.

DON E. LOMBARDI, Attorney at Law, for Appellee.