[Cite as *J.B. v. R.B.*, 2015-Ohio-3808.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

J.B.

     Appellee

     v.

R.B.

     Appellant

C.A. No.     14CA0044-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    13 DV 0186

DECISION AND JOURNAL ENTRY

Dated: September 21, 2015

---

HENSAL, Presiding Judge.

{¶1}    R.B. appeals from the trial court's denial of his untimely objections to the magistrate's decision as well as the trial court's adoption of the magistrate's decision. For the reasons set forth below, we vacate the journal entry denying his untimely objections and dismiss his appeal of the judgment entry adopting the magistrate's decision.

I.

{¶2}    J.B. filed a petition for a civil protection order against R.B. On September 12, 2013, the parties filed a consent decree, granting J.B. the protection order. As part of the order, J.B. agreed to "make monthly payments * * * for the Jeep Liberty in the amount of approximately $161.00 per month * * *." R.B. filed a contempt motion on February 24, 2014, alleging that J.B. had failed to make the monthly payments. That same day, the magistrate issued a decision, recommending that the court dismiss the motion for contempt on the basis that the court did not have the ability to require a petitioner to perform particular acts, and the court

adopted the magistrate's decision as its judgment. R.B. filed objections to the magistrate's decision on March 14, 2014. On May 30, 2014, the trial court overruled the objections, determining that R.B.'s objections were untimely and that they were without merit.

{¶3} R.B. has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PLAIN ERROR BY DISMISSING THE APPELLANT'S CONTEMPT ACTION WHICH WAS FILED TO SECURE ENFORCEMENT OF A CPO CONSENT AGREEMENT PROVISION ORDERING RESPONDENT TO MAKE A CAR PAYMENT.

{¶4} This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final orders and judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.03. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Price v. Klapp*, 9th Dist. Summit No. 27343, 2014-Ohio-5644, ¶ 6. "If a trial court lacks jurisdiction, any order it enters is a nullity and is void." *Ohio Receivables LLC v. Guice*, 9th Dist. Lorain No. 10CA009813, 2011-Ohio-1293, ¶ 7, quoting *Ohio Receivables LLC v. Landlaw*, 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6. "While this Court lacks jurisdiction to consider nullities, we have inherent authority to recognize and vacate them." (Internal citation omitted.) *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7. *See also Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36-37 (1966).

{¶5} R.B. appeals from the trial court's denial of his objections. The magistrate issued her decision on February 24, 2014, and the trial court adopted the decision as its judgment the same day. R.B. then had 14 days to file objections to the magistrate's decision. *See* Civ.R.

53(D)(3)(b)(i). If, as in this case, the trial court has entered judgment on a magistrate's decision, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(D)(4)(e)(i). Similarly, if a party has filed objections in a timely manner, the time for filing an appeal of the trial court's judgment begins to run after the court has ruled upon the objections. *See* App.R. 4(B)(2)(c).

{¶6} R.B. filed his objections on March 14, 2014, sixteen days after the magistrate had filed her decision. Civil Rule 53(D)(5) does provide that, "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision." However, R.B. never sought an extension of time, nor did the trial court extend the time for filing objections. Thus, it is clear in this case that R.B.'s objections to the magistrate's decision are untimely.

{¶7} Therefore, the trial court's judgment adopting the magistrate's decision was never stayed and the exception set forth in Appellate Rule 4(B)(2)(c) did not apply, meaning that any appeal had to be filed within 30 days. *See* App.R. 4(A)(1). R.B., however, did not file his appeal until June 18, 2014, well outside the 30-day window. Thus, his appeal of the trial court's judgment adopting the magistrate's decision is untimely and must be dismissed. *See State v. Lovett*, 9th Dist. Summit No. 26779, 2013-Ohio-3515, ¶ 6 ("'This Court has recognized that "this time requirement is jurisdictional and may not be extended. Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed."'"), quoting *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 7, quoting *Metro Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, ¶ 15.

**{¶8}** R.B. has also attempted to appeal from the trial court's May 30, 2014 entry finding that his objections were untimely and without merit. However, because the objections were untimely, the trial court did not have jurisdiction to consider them. *See Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, ¶ 16 (10th Dist.) (noting that "had the trial court purported to rule on the [untimely] objection in its June 18, 2010 journal entry, any such ruling would have been a nullity and therefore unreviewable on appeal"), citing *In re J.A.M.*, 12th Dist. Butler No. CA2010-07-174, 2011-Ohio-668, ¶ 15; *Stamper v. Keatley*, 4th Dist. Lawrence No. 04CA14, 2004-Ohio-5430, ¶ 8. *See also Learning Tree Academy, Ltd. v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 16-18. Although we recognize that Civil Rule 53(D)(5) provides that, "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision[,]" we cannot conclude that the rule permits the court to do so after the time for appeal has run. Otherwise, a trial court would be able to reset the time to appeal the original decision well after the time for the appeal had run, a result we do not believe was intended by the rule as it would permit the trial court to retroactively alter this Court's jurisdiction. Accordingly, we concur with our sister districts that a trial court does not have jurisdiction to rule on untimely objections and, therefore, vacate the May 30, 2014 journal entry. *Accord Learning Tree Academy* at ¶ 16-18; *Levy* at ¶ 16.[1]

III.

**{¶9}** In light of the foregoing, we dismiss R.B.'s appeal of the trial court's judgment entry adopting the magistrate's decision, and vacate its May 30, 2014 order.

---

[1] To the extent that a service problem prevented a party from filing timely objections, that issue could presumably be raised in a Civil Rule 60(B) motion for relief from judgment.

Appeal dismissed in part,
and order vacated.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶10} I concur in the majority's dismissal of the appeal from the February 24, 2014 order, but I dissent as to its conclusions concerning objections. Specifically, I disagree that

untimely objections are nullities and that Civ.R. 53 implicitly prohibits trial courts from extending the time for objections beyond the time for appeal.

**{¶11}** The majority concludes that any objection filed after the deadline set forth in Civ.R. 53 is a nullity. In support, it cites decisions from the Fourth, Tenth, and Twelfth Districts that extend the Supreme Court's decision in *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378 (1981) to untimely-filed objections. In *Pitts,* the Supreme Court held that motions for reconsideration are not provided for in the Civil Rules and, therefore are deemed not to exist: "The application for a motion for reconsideration after a final judgment is simply a legal fiction created by counsel * * *." *Id.* at 381. "Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity." *Id.* at 380. Using that reasoning, the majority concludes that the trial court lacked jurisdiction to enter the May 30, 2014 order.

**{¶12}** I disagree that *Pitts* may be extended to objections, however, because, unlike motions for reconsideration, objections are provided for in the Civil Rules. In fact, not only are objections permitted, they are required for most appellate review. *See* Civ.R. 53(D)(3)(b)(iv). Moreover, Civ.R. 53 was amended in 2006 to require trial courts to extend the time for filing objections when good cause exists. The Civil Rules, therefore, expressly provide for objections filed beyond the 14-day time limit. As a result, I believe reliance upon *Pitts* is misplaced because the prescribed procedure set forth in Civ.R. 53 cannot be deemed the equivalent of a "legal fiction created by counsel." Accordingly, I disagree that the May 30, 2014 order is a nullity under the reasoning set forth in *Pitts.*

**{¶13}** I also disagree that Civ.R. 53 contains an inherent time limit for trial courts to extend the time for objections. The majority acknowledges that Civ.R. 53(D)(5) authorizes trial courts to extend the objection time but concludes that the rule implicitly prohibits any extension

after the time for appeal has run. I disagree with imposing that limit, however, because it is not set forth in Civ.R. 53. Although I understand the majority's concern with finality of judgments, I believe that the drafters of the rule, rather than this Court, must impose the time limit, if one is necessary.

{¶14} Furthermore, I am concerned that the majority's deadline leaves trial courts without clear direction and sets uncertain precedent. For instance, it is unclear whether the trial court must issue an extension within 30 days or whether the order granting the extension and the objections must both be filed within that time to be valid. It is also unclear how the limit applies if the trial court extends the time for objections due to lack of service. Civ.R. 53(D)(5) specifically provides that lack of service is considered "good cause," requiring that an extension be granted. But lack of service may not be addressed until after the time for appeal has run.

{¶15} Given these uncertainties, unsuspecting parties may rely on an extension only to learn that the trial court was without jurisdiction to rule despite the extension. And in their reliance, they may lose their time to appeal. Consequently, I disagree with imposing a time limit absent an express modification to the rule.

{¶16} For the foregoing reasons, I respectfully dissent from the majority's conclusions concerning objections and its decision to vacate the trial court's May 30, 2014 order as a nullity. Because appellant did not raise an assignment of error concerning the May 30, 2014 ruling, I would instead conclude that there is nothing for this Court to address with respect to that order. *See Bonnette v. Bonnette*, 9th Dist. Lorain No. 12CA010175, 2013-Ohio-981.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

PAUL W. HERTRICK, Attorney at Law, for Appellee.