[Cite as *In re B.J.M.*, 2016-Ohio-7651.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **MEMORANDUM OPINION** |
| B.J.M., DELINQUENT CHILD | : | |
| | | **CASE NO. 2016-L-051** |
| | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2015 DL 01773.

Judgment: Appeal dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Appellant).

DIANE V. GRENDELL, J.

{¶1} Delinquent child-appellant, B.J.M., appeals his adjudication for Criminal Trespass in the Lake County Court of Common Pleas, Juvenile Division. The present appeal is sua sponte dismissed for lack of jurisdiction as B.J.M. failed to file a timely appeal from the relevant final order.

{¶2} On November 25, 2015, a Complaint was filed in juvenile court alleging that B.J.M. committed Criminal Trespass, a misdemeanor of the fourth degree, if committed by an adult, in violation of R.C. 2911.21(A)(3).

**{¶3}** On January 7, 2016, a plea hearing was held and a plea of not true was entered on the charge.

**{¶4}** On March 1, 2016, trial was held on the matter before a magistrate. The following testimony was presented.

**{¶5}** Officer Greg Williams of the Willowick Police Department testified that, on August 2, 2015, he was called to Dudley Park in response to a report of an argument between a pedestrian and occupants of a vehicle. After arriving at the park, Officer Williams had occasion to speak with B.J.M. He advised him "that he was no longer allowed in any of the parks of the city" since he "and his friends have been causing issues at the parks or in and around that area for the past several weeks." Officer Williams further advised B.J.M. that if, during the remainder of the calendar year, "he's found in any park in the City of Willowick, * * * Dudley, Manry, Roosevelt, if he's found on any of the properties he'll be cited for trespassing."

**{¶6}** Officer Williams subsequently advised B.J.M.'s father of the same.

**{¶7}** On August 14, 2015, Officer Williams was called to Dudley Park in response to a report that "there was a group of kids by the basketball courts that were either talking about fighting or trying to start a fight." B.J.M. was among a group of juveniles "over by the basketball courts * * * being loud and rambunctious." Officer Williams cited him for Trespassing.

**{¶8}** Officer Keith Lawrence of the Willowick Police Department testified that, on August 2, 2015, he responded to the reported disturbance in Dudley Park with Officer Williams. He testified that the decision to ban B.J.M. from the municipal parks was based on a number of issues: "there [were] occasions where he was reported

2

throwing rocks at another individual, smoking, * * * prior disturbances [involving] a group of juveniles being rowdy or wanting to fight."

{¶9} Officer Lawrence again responded to Dudley Park on August 14, 2015, but did not witness any disturbance.

{¶10} At the close of the testimony, counsel for B.J.M. moved to dismiss the charge pursuant to Criminal Rule 29, which the magistrate denied.

{¶11} On March 1, 2016, a Magistrate's Decision was issued, and was disapproved by the juvenile court on the same day ("[t]he Court * * * finds that the Decision ought not to be adopted").

{¶12} On March 3, 2016, an Amended Magistrate's Decision was issued, finding the charge true, and approved by the juvenile court. B.J.M. was ordered to be placed on Community Control; to serve a 90-day suspended sentence in the Lake County Juvenile Detention Facility; to stay out of Willowick Parks pending further order; to continue with counseling; and to continue on probation.

{¶13} On March 14, 2016, Objections to the Magistrate's Decision Filed on March 1, 2016 were filed.

{¶14} On March 28, 2016, the State filed its Brief in Opposition to Juvenile's Objections.

{¶15} On April 20, 2016, the juvenile court overruled the Objections. The court's Judgment Entry stated: "The Court finds that the Magistrate's Decision filed March 1, 2016 was disapproved. Therefore, the Juvenile's objection is not well taken and is hereby overruled."

3

{¶16} On April 27, 2016, a Motion to Treat the Juvenile's Objections to the Magistrate's Decision of March 1, 2016 as Objections to the Magistrate's Decision of March 3, 2016 was filed.

{¶17} On April 29, 2016, the State filed a Renewal of Opposition to Juvenile's Objections to Magistrate's Decision.

{¶18} On May 9, 2016, the juvenile court overruled the Motion to Treat the Juvenile's Objections to the Magistrate's Decision of March 1, 2016 as Objections to the Magistrate's Decision of March 3, 2016.

{¶19} On May 20, 2016, B.J.M. filed a Notice of Appeal from the April 20, 2016 Judgment Entry, overruling Objections to the Magistrate's Decision Filed on March 1, 2016.

{¶20} On appeal, B.J.M. raises the following assignment of error:

{¶21} "[1.] The trial court erred to the prejudice of the delinquent child-appellant when it denied his Crim.R. 29(A) motion for judgment of acquittal, in violation of his rights to fair trial and due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶22} This court is precluded from addressing the merits of the appeal as B.J.M. has failed to properly invoke the jurisdiction of this court by not filing a timely appeal.

{¶23} This court has held that "[a]ppellate courts are required to raise jurisdictional questions sua sponte." *In re L.J.G.*, 11th Dist. Trumbull No. 2012-T-0014, 2012-Ohio-5228, ¶ 9. "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have

4

been raised in the appeal." *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988).

{¶24} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal * * * within 30 days of that entry." App.R. 4(A).

{¶25} Under the Juvenile Rules, "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." Juv.R. 40(D)(3)(b)(i). The juvenile court is permitted to "enter a judgment * * * during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections to a magistrate's decision." Juv.R. 40(D)(4)(e)(i). "If the court enters a judgment during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections." *Id.*

{¶26} If no objections are filed, however, the juvenile court's adoption of the magistrate's decision constitutes a final order and the notice of appeal must be filed within 30 days of that entry. *Cross v. Bryant*, 11th Dist. Portage No. 2009-P-0017, 2009-Ohio-6994, ¶ 36 ("by rule, the judgment became a final order fourteen days after it was entered as no objections or motions for extension were filed"); *J.B. v. R.B.*, 9th Dist. Medina No. 14CA0044-M, 2015-Ohio-3808, ¶ 7 ("the trial court's judgment adopting the magistrate's decision was never stayed * * * meaning that any appeal had to be filed within 30 days"); *In re O.H.W.*, 175 Ohio App.3d 349, 2008-Ohio-627, 887 N.E.2d 354, ¶ 15 (12th Dist.) ("[b]ecause appellant's objections were not timely, appellant had 30 days from the time the trial court judge adopted the decision * * * to appeal the decision of the trial court on the merits").

5

{¶27} In the present case, the juvenile court's March 3, 2016 entry, adopting the Amended Magistrate's Decision, constituted a final order as no objections to the Amended Magistrate's Decision were ever filed. Accordingly, the notice of appeal was due on April 4, 2016.[1]

{¶28} The Objections to the Magistrate's Decision Filed on March 1, 2016, did not extend the time for filing an appeal as the juvenile court disapproved of that Decision on the day it was issued and it was superseded by the Amended Magistrate's Decision on March 3. Essentially, the Objections were filed to a Decision which had become a nullity. The court's April 20, 2016 Entry overruling the Objections simply notes that the March 1 Magistrate's Decision had been disapproved. There was nothing substantive for the court to consider with respect to the Objections. *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7 (a court of appeals "lacks jurisdiction to consider nullities," although it has "inherent authority to recognize and vacate them").

{¶29} When, on April 27, 2016, B.J.M. filed a Motion to Treat the Juvenile's Objections to the Magistrate's Decision of March 1, 2016 as Objections to the Magistrate's Decision of March 3, 2016, the juvenile court was without jurisdiction to grant such relief. A trial court does not have "jurisdiction to permit objections to the magistrate's decision when the magistrate's decision was adopted and already made a final judgment by the trial court." (Citation omitted.) *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784, ¶ 12.

---

1. April 2, 2016 being a Saturday the period for filing the notice of appeal extended to the following Monday. App.R. 14(A).

6

**{¶30}** In all material respects, the present situation is the same as was before this court in the *In re L.J.G.* case, which governs the outcome of the present appeal:

> In this case, the trial court adopted the magistrate's decision on the same day the decision was issued. Mr. Green did not timely file objections to the magistrate's decision within the time allotted pursuant to Civ.R. 53(D)(3)(b)(i). Mr. Green also did not initiate an appeal within the time allotted pursuant to App.R. 4(A). Thus, without timely objections to the magistrate's decision, the trial court's initial judgment adopting the decision remained the final, appealable order. Mr. Green's untimely objections were, essentially, a motion for reconsideration of the final order.
>
> * * *
>
> As a result, the trial court lacked jurisdiction to rule on Mr. Green's untimely objections in its subsequent journal entry. * * * The only final order in this case was issued by the trial court on July 6, 2011. As noted above, if timely objections had been filed, this order would have been stayed. Since the objections were not timely filed, the trial court's order became final, and the notice of appeal was due 30 days from July 6, 2011. This court is consequentially without jurisdiction to entertain the merits of this appeal.

*L.J.G.*, 2012-Ohio-5228, at ¶ 11-12.

{¶31} For the foregoing reasons, this court is without jurisdiction to consider B.J.M.'s assignment of error. The appeal is sua sponte dismissed. Costs to be taxed against the appellant.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶32} I respectfully dissent.

{¶33} This case represents a classic case of a court choosing form over substance by nit-picking appellant's trial court filings in order to overrule them on a technicality. Cases are to be decided on the merits—not on technicalities. The law is not a game of "gotcha."

{¶34} Any rational reading of this case shows that appellant's Objection to the March 1, 2016 Magistrate's Decision (filed on March 14th) was intended to address the trial court's final decision issued on March 3, 2016. In fact, when appellant filed his objections the only valid decision that could be objected to was the March 3, 2016 amended Magistrate's Decision—as the March 1, 2016 Magistrate's Decision had been made a nullity by the trial court's order disapproving of it.

{¶35} Appellant filed a timely objection and the trial court should have applied those objections to the only valid Magistrate's Decision extant—the one from March 3,

8

2016. Instead the trial court failed to rule on the objections until after the time to file a notice of appeal had run. Only on April 20, 2016 did the trial court inform appellant that it was adopting a strict reading of the caption of his objections and applying them to the null order from March 1, 2016. Appellant then asked the trial court to apply his previously filed objections to the Magistrate's Decision of March 3, 2016—a request the trial court denied on May 9, 2016 because the request was "untimely."

{¶36} This is a case where appellant has made a legitimate legal argument objecting to the Magistrate's Decision and the trial court, rather than ruling on the merits, is throwing out the objections on a very minor technicality. Cases should be decided upon their merits rather than upon mere technicalities of procedure. *Capital One Bank (USA), NA v. Reese,* 11th Dist. Portage No. 2014-P-0034, 2015-Ohio-4023, ¶35, citing *Cero Realty Corp. v. Am. Mfr. Mut. Ins. Co.,* 171 Ohio St. 82, 85 (1960). The interests of justice are not to be confused with the game of "gotcha." *See generally State v. Gilbert,* 8th Dist. Cuyahoga No. 90856, 2009-Ohio-607, ¶18.

{¶37} The trial court could have easily treated the caption of Appellant's March 14, 2016 Objection as a "scrivener's error" and applied the objection to the only valid Magistrate's Decision contained in the case. "[A] pleading is judged, not by its title or form alone, but essentially by the subject-matter it contains. If the title is not descriptive of the subject-matter, it is the latter that determines the character of the pleading. Substance prevails over form." *Wagner v. Long* (1937), 133 Ohio St. 41, 47, overruled on other grounds, *Klein v. Bendix-Westinghouse Automotive Air Break Co.* (1968), 13 Ohio St.2d 85.

9

**{¶38}** Additionally, appellant's objections—filed on March 14, 2016—stayed all proceedings under Civ.R. 53(D)(3)(b)(i) until the trial court ruled on those objections on April 20, 2016. It was only on this date that the time to appeal started to run. Appellant then timely appealed on May 20, 2016. By holding that the notice of appeal was due on April 4, 2016, this court is acting as if no objections—of any kind—had been filed. This court cannot simply ignore the fact that appellant filed a timely objection.

**{¶39}** By holding that an appeal had to be filed by April 4, 2016—while his objections were still pending in the trial court—this court has unfairly prejudiced appellant by leaving him with no remedy. This is not what equity, case law and the rules of civil procedure are designed to achieve.

**{¶40}** I strongly dissent.