[Cite as *Green v. Evans*, 2021-Ohio-498.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TERESA ANN GREEN | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020AP030011 |
| | : | |
| DREW EVANS | : | |
| KARLEA EVANS | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County
                             Court of Common Pleas, Juvenile
                             Division Case No. 2019CC00308

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      February 23, 2021

APPEARANCES:

For Plaintiff-Appellant:                    For Defendants-Appellees:

SETH W. ARKOW                               DREW EVANS, PRO SE
1435 Market Ave. North                      400 South Street
Canton, OH 44714                            Bowerston, OH 44695

TUSCARAWAS CO. DJFS                         KARLEA EVANS, PRO SE
389 16th Street SW                          129 Sea Gull Dr. SE
New Philadelphia, OH 44663                  New Philadelphia, OH 44663

*Delaney, J.*

{¶1}　Plaintiff-appellant Teresa Ann Green ("Grandmother") appeals from the December 5, 2019 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division.　Defendants-appellees Drew Evans ("Father") and Karlea Evans ("Mother") did not appear in this appeal.　Tuscarawas County Department of Job and Family Services (the "Agency") appeared as an associated party.

**FACTS AND PROCEDURAL HISTORY**

{¶2}　Mother and Father are the parents of D.E. and K.E., both minors. Grandmother is the children's paternal grandmother.

*Dependency action: 18 JN 00377*

{¶3}　The instant appeal arose from a separate dependency action, trial court Case Number 18 JN 00377, filed by the Agency on December 5, 2018.　A case plan was initiated for the family and the children were placed in foster care pursuant to the Agency's award of temporary custody.　Mother and Father failed to remedy the conditions that led to removal of the children.　The Agency filed a motion for permanent custody on October 20, 2019.

{¶4}　Grandmother sought to intervene in the dependency action and her motion was overruled.

*Grandmother's separate complaint for custody: 2019 CC 308*

{¶5}　Grandmother filed her own complaint for custody on December 10, 2019, seeking custody from Mother and Father.　When the complaint was filed, however, the children were in the temporary custody of the Agency and had been in foster care for a year.

{¶6} Grandmother's complaint for custody was set for hearing before a magistrate on January 24, 2020. The hearing was later canceled and the matter was held in abeyance pending the outcome of the dependency action.

{¶7} On January 23, 2020, the dependency action was resolved when the trial court granted permanent custody of the children to the Agency.

{¶8} Relevant to Grandmother's claims in the instant appeal, the Judgment Entry granting permanent custody to the Agency in Case Number 18 JN 00377 addressed Grandmother's request for custody in pertinent part:

> * * * *.
>
> The Court also received testimony from [Grandmother] who wishes to be given custody of the children in this case. [The Agency] is not in favor of this placement.
>
> Based upon the testimony of [Grandmother], the Court finds the emotional stability and judgment of [Grandmother] to be very questionable. The Court finds it is not in the best interest of these children to be placed in the custody of [Grandmother].
>
> * * * *.

{¶9} On February 24, 2020, Grandmother moved the trial court for a hearing in Case Number 2019 CC 308. The next day, the trial court dismissed Grandmother's complaint for custody.

{¶10} Grandmother now appeals from the trial court's judgment entry of February 25, 2020.

{¶11} Grandmother raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED APPELLANT'S OBJECTION AND PERMITTED, WITHOUT HEARING, THE DISMISSAL OF THE APPELLANT'S MOTION."

**ANALYSIS**

{¶13} In her sole assignment of error, Grandmother argues the trial court erred in dismissing her complaint for custody. We disagree.

{¶14} Grandmother appeals from the decision in Case Number 2019 CC 308. We note all of the judgment entries attached to Grandmother's brief arise from Case Number 18 JN 00377, the dependency action. The trial court's decision granting permanent custody to the Agency is presently being appealed by Mother.

{¶15} The judgment entries in the dependency action are instructive, however, because they indicate Grandmother's attempt to intervene, and her request for custody, were considered by the trial court. Grandmother testified at several hearings including the permanent custody hearing; her request for custody was considered; but the trial court determined the best interests of the children were served by placing them in the permanent custody of the Agency.

{¶16} We return, then, to Grandmother's argument in the instant appeal: her due process rights were violated by the trial court's decision to dismiss her complaint for custody. As the Agency points out, when Grandmother's complaint for custody was filed, the children were already in the temporary custody of the Agency. Grandmother's request for custody could only be litigated via the earlier dependency action. It is evident from the

procedural history supra that Grandmother was heard, her request was considered, and it was ultimately denied.

{¶17} The cases cited by Grandmother do not support her position that the trial court was required to entertain her complaint for custody independent of the dependency action. Custody issues are some of the most difficult and agonizing decisions a trial court judge must make. *P.K. v. J.V.*, 5th Dist. No. 2018CA00050, 2018-Ohio-5383, 128 N.E.3d 813, ¶ 33. The trial court judge must have wide latitude in considering all the evidence. *Girdlestone v. Girdlestone*, 5th Dist. Stark No. 2016CA00019, 2016-Ohio-8073, 2016 WL 7159193, ¶ 12, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). It is for this reason we review custody decisions under an abuse-of-discretion standard. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). In order to find an abuse of discretion, a reviewing court must find that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} It is well-settled that a juvenile court may adjudicate custodial claims brought by nonparents at law. *In re Bonfield*, 97 Ohio St.3d 387, 2002-Ohio-6660, 780 N.E.2d 241, ¶ 43. Grandmother asserts her claim arose pursuant to R.C. 2151.23(A)(2), which gives the juvenile court exclusive jurisdiction to determine the custody of any child not a ward of another court of the state. In the instant case, however, there was already a pending dependency action pursuant to 2151.23(A)(1) and the children were already in the Agency's temporary custody.

{¶19} According to the plain language of R.C. 2151.23(A)(1), the juvenile court has exclusive original jurisdiction concerning the children once a complaint was filed

alleging them to be dependent children. See, *In re Poling*, 64 Ohio St.3d 211, 1992-Ohio-144, 594 N.E.2d 589 (1992). Grandmother's competing belated complaint for custody pursuant to R.C. 2151.23(A)(2) should have been resolved in the dependency case, and the record before us indicates it effectively was. The grants of jurisdiction in R.C. 2151.23(A)(1) and (A)(2) are independent of each other. *Poling*, supra, citing *In re Torok*, 161 Ohio St. 585, 120 N.E.2d 307 (1954). The Agency was granted temporary custody of the children in the separate dependency action; the juvenile court did not have jurisdiction to hear Grandmother's independent, subsequent complaint for custody pursuant to R.C. 2151.23(A)(2). See, *State ex rel. Swanson v. Hague*, 11th Dist. Ashtabula No. 2009-A-0053, 2010-Ohio-4200 [prior custody order issued in separate action and grandparent's allegations not sufficient to state a viable independent dependency claim, therefore juvenile court's lack of jurisdiction over grandparent's separate complaint patent and unambiguous].

{¶20} Grandmother was not foreclosed from participation in the dependency action. She sought to intervene and the motion was heard at the December 3, 2019 annual review hearing, at which Grandmother testified. The motion to intervene was denied in the trial court's judgment entry of December 5, 2019. Grandmother did not appeal from that judgment. See, *In re J.R.A.*, 4th Dist. Washington No. 13CA18, 2014-Ohio-4463, ¶ 29 [separate custody motion not properly before the court when juvenile court's temporary custody order was final and appealable].

{¶21} We conclude the trial court did not abuse its discretion in dismissing Grandmother's complaint for custody. The sole assignment of error is overruled.

## CONCLUSION

{¶22} Grandmother's sole assignment of error is overruled and the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.