[Cite as *In re M.R.*, 2021-Ohio-3012.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| IN RE: M.R. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2021 AP 03 0008 |
| | : | |
| | : | |
| | : | |
| | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
Court of Common Pleas, Juvenile Court
Division, Case No. 20JN00264

JUDGMENT:     Affirmed in part; dismissed in part

DATE OF JUDGMENT ENTRY:     August 31, 2021

APPEARANCES:

For - Appellee                 For - Appellant

LISA VITALE ARNOLD          MONICA DERAMUS
389 16TH St. S.W.               203 Front Street S.E.
New Philadelphia, OH 44663     New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Appellant appeals the judgment entries of the Tuscarawas County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

{¶2} M.R. was born on February 17, 2012. Appellant M.J. is M.R.'s maternal grandmother ("Grandmother"). In September of 2020, M.R.'s mother overdosed in front of the child at a hotel, where the child was living with her parents. Appellee Tuscarawas County Department of Job and Family Services ("TCDJFS") thus became involved with the family. As part of a safety plan implemented through TCDJFS, M.R. was placed with a paternal aunt. Grandmother was given supervised visitation.

{¶3} The magistrate held a shelter care hearing on October 28, 2020. Skylar Smolak ("Smolak") of TCDJFS, testified that when she arrived at the hotel and was looking for a family placement for M.R., she completed a criminal background and CPS history check on Grandmother. Smolak and her supervisor deemed Grandmother an unsuitable placement because she had two juveniles living in her home on probation for charges related to drugs and domestic violence. A paternal aunt was approved as a placement for M.R. The safety plan provided that M.R. would live with her aunt and that M.R.'s aunt would supervise visitation between M.R. and Grandmother. After the safety plan was put into place, M.R.'s parents cancelled multiple appointments with Smolak. Grandmother called Smolak, asking to be considered for placement, and suggested Smolak contact the probation officer for the juveniles living in her home. Smolak contacted the probation officer, who did not recommend Grandmother for placement of M.R. However, Grandmother was granted unsupervised visitation at that point.

{¶4} On October 27, 2020, when Smolak contacted M.R.'s aunt to schedule a home visit, the aunt informed Smolak that she gave M.R. to Grandmother. Thus, Smolak contacted the court to issue an emergency pick-up order due to the violation of the safety plan. Smolak discovered that, while the safety plan was in place, M.R.'s mother, M.R.'s father, and Grandmother executed and filed in Knox County a grandparent power of attorney, giving Grandmother certain rights over the child. The grandparent power of attorney was written on a form from Nevada, and was not signed by a judge.

{¶5} On October 29, 2020, TCDJFS filed a complaint for neglect, dependency, and custody of M.R. The complaint alleged as follows: the paternal aunt sent the child to reside with Grandmother, thereby breaching the safety plan; while the safety plan was in place and without notifying TCDJFS, M.R.'s mother, M.R.'s father, and Grandmother executed a grandparent power of attorney giving Grandmother rights over the child; this power of attorney violated the safety plan; Grandmother has two juveniles in her home who are on probation for delinquency convictions related to drugs and domestic violence; there are concerns about the conditions of Grandmother's home; and the parents have a history of involvement with children's services in Coshocton County.

{¶6} On October 29, 2020, the trial court placed M.R. in the temporary custody of TCDJFS. On the same date, the trial court appointed Gerrit denHeijer as the guardian ad litem for the child.

{¶7} Grandmother filed a motion to intervene, motion for temporary custody, motion for discovery, and motion for in-camera interview with M.R.

{¶8} The trial court held an adjudicatory and dispositional hearing on December 21, 2020. M.R.'s parents both stipulated that M.R. is a neglected and dependent child. Both also stipulated to a disposition of temporary custody to TCDJFS.

{¶9} The trial court issued a judgment entry on December 28, 2020. The trial court denied Grandmother's motion to intervene, and found the remainder of her motions moot. The court granted Grandmother supervised visitation with M.R.

{¶10} On February 10, 2021, Grandmother filed a request for findings of fact and conclusions of law stating as follows, "movant timely requests that the Judge enter specific findings of fact and conclusions of law in support of the December 22, 2020 decision to deny the movant's motion for leave to intervene." The trial court denied the motion on February 22, 2021.

{¶11} Grandmother filed an appeal, purporting to appeal both the December 28, 2020 judgment entry and the February 22, 2021 judgment entry, and assigning the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO INTERVENE AS A PARTY PURSUANT TO JUV.R. 2(Y) AND CIV.R. 24."

I.

{¶13} In the first portion of her assignment of error, Grandmother argues the trial court abused its discretion in denying her motion to intervene. In its appellate brief and in a motion to dismiss filed on June 21, 2021, appellee contends a portion of Grandmother's appeal was not timely filed. We agree with appellee.

{¶14} While an order granting a motion to intervene in a juvenile court proceeding is not a final appealable order, an order denying a grandparent's motion to intervene in a

neglect and dependency action is a final, appealable order. *Green v. Evans*, 5th Dist. Tuscarawas No. 2020AP030011, 2021-Ohio-498; *In re C.C.*, 12th Dist. Preble Nos. CA2007-030005, CA2007-03-006, CA2007-Ohio-4361; *In re Goff*, 11th Dist. Portage No. 2001-P-0144, 2003-Ohio-6768.

{¶15} Appellate Rule 4(A)(1) provides that, "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." The trial court issued the order denying the motion to intervene on December 28, 2020. The record indicates the notice of filing of this entry was issued to the parties, including counsel for Grandmother, on the same day. Thus, Grandmother's notice of appeal was due by January 28, 2021. Grandmother filed her notice of appeal on March 22, 2021, over fifty days later. Because Grandmother did not timely appeal the denial of her motion to intervene, this Court is without jurisdiction to consider that portion of Grandmother's assignment of error. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 531 N.E.2d 713 (1998).

{¶16} Grandmother contends that her request for findings and fact and conclusions of law extended her time for appeal. We disagree. Appellate Rule 4(B)(2)(d) provides that an exception to the appeal period in Appellate Rule 4(A) "applies in a civil case or juvenile proceedings, if a party files any of the following, if timely and appropriate * * * (d) a request for findings of fact and conclusions of law under Civ.R. 52." In this case, as detailed below, Grandmother's request for findings of fact and conclusions of law was not timely. Accordingly, the exception contained in App.R. 4(B)(2)(d) is not applicable in this case and the time for appealing the December 28, 2020 order was not extended. *Bonnette v. Bonnette*, 9th Dist. Lorain No. 12CA010175, 2013-Ohio-981.

{¶17} In the second portion of her assignment of error, Grandmother contends the trial court committed error and abused its discretion in denying her request for findings of fact and conclusions of law. We disagree.

{¶18} Civil Rule 52 requires that a request for findings of fact and conclusions of law be made, "before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later * * *." We review the trial court's denial of a request for findings of fact and conclusions of law under an abuse of discretion standard. *Sayre v. Furgeson*, 3rd Dist. Shelby No. 17-15-16, 2016-Ohio-3500.

{¶19} We find the trial court did not abuse its discretion in denying Grandmother's request for findings of fact and conclusions of law pursuant to Civil Rule 52, because her request was not timely. The trial court issued its entry denying the motion to intervene on December 28, 2020. Accordingly, any request for findings and fact and conclusions of law was due January 4, 2021. Grandmother did not file her request until February 10, 2021, well over seven days after the trial court's judgment. The trial court thus properly overruled the motion. *Costakos v Costakos*, 10th Dist. Franklin No. 03AP-959, 2004-Ohio-2138.

{¶20} Accordingly, Grandmother's assignment of error is overruled in part and dismissed in part. The portion of Grandmother's assignment of error arguing the trial court committed error and abused its discretion in denying her request for findings of fact and conclusions of law is overruled. We are without jurisdiction to consider the portion of Grandmother's assignment of error containing arguments about the merits of the trial court's denial of her motion to intervene.

{¶21} The February 22, 2021 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. The appeal from the December 28, 2021 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is dismissed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur