[Cite as *In re J.P.*, 2013-Ohio-1007.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN THE MATTER OF:

    J.P.,

ALLEGED DELINQUENT CHILD.

CASE NO. 5-12-31

O P I N I O N

Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 20420733

**Judgment Affirmed**

Date of Decision: March 18, 2013

APPEARANCES:

    *Charles R. Hall, Jr.* **for Appellant**

    *Mark C. Miller and Rebecca S. Newman* **for Appellee**

**SHAW, J.**

{¶1} Appellant J.P. appeals the September 12, 2012, judgment of the Hancock County Court of Common Pleas, Juvenile Division, dismissing his petition for post-conviction relief. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On November 23, 2004, J.P. was charged with being Delinquent pursuant to R.C. 2152.02 and Rape pursuant to R.C. 2907.02(A)(1)(b). (Doc. 1). The charges arose out of an incident wherein J.P., who was ten years old at the time, "plac[ed] his penis in his four-year old female cousin's mouth, vaginal area, and anal area." (Doc. 81).

{¶3} On November 30, 2004, J.P.'s case was transferred from Seneca County Juvenile Court to the Hancock County Juvenile Court.

{¶4} On March 8, 2005, the Hancock County Juvenile Court held an Adjudication Hearing for J.P. (Doc. 11). At the hearing, J.P. withdrew his previously entered plea of "deny" and changed his plea to "admit." (*Id.*) Subsequently, the court found J.P. to be a Delinquent Child under R.C. 2152.02, and Rape, a felony in the first degree, under R.C. 2907.02(A)(1). (*Id.*)

{¶5} Also on March 8, 2005, the trial court held a Disposition Hearing. Ultimately the court committed J.P. to the Ohio Department of Youth Services for a minimum of one year, but the commitment was suspended on certain probation

conditions. On March 9, 2005, the trial court filed an entry reflecting the adjudication and disposition. (Doc. 11).

{¶6} On December 17, 2011, J.P. turned 18 years old.[1] (Doc. 81). On January 11, 2012, J.P. was released from probation and the probation was terminated. (*Id.*)

{¶7} On February 28, 2012, J.P. filed a "Motion for Post-Conviction Relief and Request for Hearing." (Doc. 75). In that motion, J.P. argued that R.C. 2907.02(A)(1)(b), as applied to him, was unconstitutional, citing a recent Ohio Supreme Court case, *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, which found the statute at issue unconstitutional as applied in that case. (*Id.*) J.P. also argued that his counsel was ineffective for failing to make this claim in the trial court. (*Id.*)

{¶8} On March 9, 2012, the State filed a brief in response to J.P.'s motion. (Doc. 76). On May 10, 2012, J.P. filed a supplemental brief in support of his motion. (Doc. 79). On May 21, 2012, the State filed a response to J.P.'s supplemental brief. (Doc. 80).

{¶9} On September 12, 2012, the trial court filed its judgment entry on the matter dismissing J.P.'s motion. (Doc. 81). In its entry, the trial court found that J.P.'s Post-Conviction Relief Petition was untimely and that J.P. therefore had to

---

[1] J.P.'s brief lists his birthday as December 12 rather than December 17. However, in the trial court's judgment entry, and in J.P.'s Financial Disclosure Affidavit contained in the record, his birthday is listed as December 17.

meet the requirements of R.C. 2953.23 to be considered. (*Id.*) The trial court then found that J.P.'s motion did not meet the requirements of R.C. 2953.23, and that J.P.'s counsel was not ineffective. (*Id.*)

{¶10} It is from this judgment that J.P. appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT WOULD NOT GRANT HIS MOTION FOR POST-CONVICTION RELIEF.**

{¶11} In his assignment of error, J.P. argues that the trial court erred in dismissing his petition for post-conviction relief. Specifically, J.P. argues that R.C. 2907.02(A)(1)(b) is unconstitutional as applied to him, and that his counsel was ineffective for failing to make this claim to the trial court.

{¶12} A petition for post-conviction relief must "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * *." R.C.2953.21(A)(2). However, if no direct appeal is taken, the petition must be filed within one hundred eighty days after the expiration of the time for the filing of the direct appeal. *Id.* If a defendant fails to file a timely petition for post-conviction relief, the trial court may not consider the motion unless one of the two exceptions is met in R.C. 2953.23(A).

{¶13} In this case, J.P. never filed a direct appeal and did not file a timely post-conviction relief petition as this petition was filed over six years after the

Case No. 5-12-31

judgment against J.P. Thus in order for J.P. to be able to collaterally attack his

conviction J.P. must meet the guidelines of R.C. 2953.23(A)(1).[2]

**{¶14}** R.C. 2953.23(A)(1) reads,

**(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:**

**(1)** *Both* **of the following apply:**

**(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the** *facts* **upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition,** *the United States Supreme Court* **recognized a new federal or state right that applies** *retroactively* **to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

**(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.**

(Emphasis Added.)

**{¶15}** In his motion for post-conviction relief, J.P. does not allege any new

factual evidence in his case, but he claims that a new right was effectively

---

[2] J.P. could also meet the guidelines required under R.C. 2953.23(A)(2); however, subsection (A)(2) deals with DNA evidence and is neither relevant to this case nor asserted by J.P. and therefore it will not be discussed.

recognized by the Ohio Supreme Court in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671. In that case, the Ohio Supreme Court ultimately held that it was unconstitutional to charge an individual who is under thirteen with engaging in sexual conduct with an individual under thirteen in violation of R.C. 2907.02(A)(1)(b). J.P. claims that this Ohio Supreme Court case establishes that in his case, just as in *In re D.B.*, he should not have been charged with rape pursuant to that statute as it was unconstitutional as applied to him.

{¶16} However, despite J.P.'s arguments, his claim fails to satisfy R.C. 2953.23(A)(1) for multiple reasons, making it proper for the trial court to dismiss his petition. First, R.C. 2953.23(A)(1)(a) requires that the petitioner present new "facts" that he was prevented from discovering, rather than new "law." *State v. Williamitis*, 2d Dist. No. 21321, 2006-Ohio-2904, ¶ 18; *State v. Herring*, 7th Dist. No. 06 JE 8, 2007-Ohio-3174, ¶ 26. "The purpose behind R.C. 2953.23 is to 'permit trial courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new legal theories using the same underlying facts.'" *Herring*, *supra*, at ¶ 26 quoting *State v. Hurst*, 5th Dist. Stark App. No. 1999CA00171 (Jan. 10, 2000). Here, J.P. is not alleging any new fact; he is merely asserting that the statutory provision he was charged with was later determined to be unconstitutional in a specific set of circumstances. Thus

J.P. asserts no new facts to satisfy the statute and cannot claim that he was prevented from discovering any "fact" in his case to satisfy R.C. 2953.23(A)(1)(a).

{¶17} Second, in the absence of a newly discovered fact, R.C. 2953.23(A)(1)(a) very clearly requires a new "right" to be recognized by the "United States Supreme Court." *Herring*, *supra*, ¶ 28. A decision by the Ohio Supreme Court has been found not to satisfy this provision. *Id.* Here, the case J.P. relies upon is not a United States Supreme Court decision, but a decision of the Ohio Supreme Court. Thus J.P. would not meet this requirement of the statute either.

{¶18} Third, and finally, even if there was a specific "right" created or recognized in the *In re D.B.* decision, and even if the Ohio Supreme Court decision served to satisfy R.C. 2953.23(A)(1)(a) in place of the United States Supreme Court, there is no indication that *In re D.B.* was to have retroactive effect on other court decisions that were long since final.

{¶19} Thus for all of these reasons together, J.P.'s claim completely fails the first prong of R.C. 2953.23(A)(1). Accordingly, we need not reach the second prong of R.C. 2953.23(A)(1) as J.P. is utterly incapable of meeting the first prong. We further find that since J.P. failed to satisfy R.C. 2953.23(A), the trial court properly dismissed J.P.'s petition, which includes his claim for ineffective assistance of counsel.

**{¶20}** For the foregoing reasons, J.P.'s assignment of error is overruled and the judgment of the Hancock County Court of Common Pleas, Juvenile Division, is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**