[Cite as *State v. Campbell*, 2014-Ohio-499.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99936

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LOUIS CAMPBELL, II

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-538673

**BEFORE:**  E.T. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**  February 13, 2014

**FOR APPELLANT**

Louis Campbell, II, pro se
Inmate #600-748
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James M. Price
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Louis Campbell, II ("Campbell"), appeals the denial of his petition for postconviction relief. We find no merit to the appeal and affirm.

{¶3} In March 2011, Campbell was convicted of robbery, having a weapon while under disability, carrying a concealed weapon, and resisting arrest. The court sentenced Campbell to four years in prison. Campbell appealed the trial court's judgment, and this court affirmed Campbell's convictions. *See State v. Campbell*, 8th Dist. Cuyahoga No. 96628, 2012-Ohio-1738.

{¶4} On November 14, 2011, during the pendency of his appeal, Campbell filed a petition for postconviction relief styled, "Petition to Vacate or Set Aside Sentence." Campbell subsequently filed a petition to amend his petition for postconviction and a motion to disqualify the prosecutor's untimely response to his petition. The trial court denied Campbell's petition as barred by res judicata and denied the other motions as moot. Campbell now appeals and raises six assignments of error, which we combine where appropriate and discuss out of order for the sake of economy.

**Res Judicata and Evidentiary Hearing**

**{¶5}** In the fourth assignment of error, Campbell argues the trial court abused its discretion by denying his petition on the basis of res judicata without establishing evidence to disprove his assertions. In the sixth assignment of error, Campbell argues the trial court erred in denying his petition without an evidentiary hearing. We discuss these assigned errors together because they are interrelated.

**{¶6}** A trial court is not required to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. Under R.C. 2953.21, a petitioner is entitled to postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. "A postconviction petition is not intended to provide a petitioner a second opportunity to litigate his or her conviction." *State v. Williams*, 8th Dist. Cuyahoga No. 99357, 2013-Ohio-2706, ¶ 17, citing *State v. Hessler*, 10th Dist. Franklin No. 01 AP-1011, 2002-Ohio-3321, ¶ 23.

**{¶7}** In deciding whether to grant a petition for postconviction relief, the trial court must: (1) consider the record from the underlying proceeding and any evidence submitted in support of the petition, and (2) determine whether the petitioner has set forth "sufficient operative facts to establish substantive grounds for relief." *Calhoun*, paragraph two of the syllabus.

{¶8} In *Calhoun*, the Ohio Supreme Court held that a trial court could dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id*. at ¶ 286. The *Calhoun* court further held that the trial court "is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted." *Id*. at ¶ 285. Accordingly, reviewing courts will not disturb the trial court's decisions in a postconviction proceeding absent an abuse of discretion. *Id*.

{¶9} Here, the trial court denied Campbell's petition as barred by res judicata. Res judicata, which applies to postconviction proceedings, bars the assertion of claims against a valid, final judgment of conviction that had been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Blalock*, 8th Dist. Cuyahoga No. 94198, 2010-Ohio-4494, ¶ 19. Thus, a defendant may not raise any issue in a motion for postconviction relief if he could have raised the issue in a direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).

{¶10} In his petition for postconviction relief, Campbell argued his conviction and sentence should be vacated because: (1) his convictions were against the manifest weight of the evidence and not supported by sufficient evidence, (2) the trial court violated his right of confrontation, (3) the trial court made erroneous evidentiary rulings, (4) the trial

court committed a structural error by allowing certain jurors to remain on the jury, and (5) the indictment was defective. All of these arguments could be litigated in a direct appeal and are therefore barred by res judicata. Having determined that Campbell's petition for postconviction relief was barred by res judicata, the court properly determined that a hearing was unnecessary. We therefore find no abuse of discretion in the trial court's decision to deny Campbell's petition without a hearing.

{¶11} The fourth and sixth assignments of error are overruled.

### Disputed Issues of Fact

{¶12} In the third assignment of error, Campbell argues the trial court erred in denying his petition for postconviction relief because there were disputed issues of fact. However, as previously stated, the issues raised in Campell's petition could have been raised in his appeal. They were therefore barred by res judicata and the trial court properly denied the petition. *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus.

{¶13} The third assignment of error is overruled.

### Findings of Fact and Conclusions of Law

{¶14} In the fifth assignment of error, Campbell argues the trial court abused its discretion by not issuing mandatory findings of fact and conclusions of law.

{¶15} R.C. 2953.21(G), which governs postconviction proceedings, states that "if the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."

Findings of fact and conclusions of law are required to allow meaningful judicial review of the allegations raised in a petition. *State v. Lester*, 41 Ohio St.2d 51, 56, 322 N.E.2d 656 (1975).

{¶16} Despite Campbell's argument to the contrary, the court provided findings of fact and conclusions of law in its judgment entry denying the petition. Although Campbell listed 16 "assignments of error" in his petition, they were duplicative and there was no need for the trial court to address each "assigned error" individually so long as the trial court made a finding as to the substantive basis of each claim for relief. *Id.* Furthermore, all of Campbell's arguments were barred by res judicata and the court explained this fact in its judgment entry:

> This matter is before the court on Deft Louis Campbell II's 11/14/11 pro se Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21. Findings of fact and conclusions of law in support of his petition, petitioner essentially submits a copy of his appellate brief alleging numerous trial errors, failure to grant motions for acquittal and deficiencies in the indictment. Petitioner's conviction was affirmed on appeal by the Eighth District Court of Appeals in Case No. 096628. The Ohio Supreme Court dismissed Deft's appeal on 10/22/12. The Ohio Supreme Court has held that the doctrine of res judicata bars the assertion of any issue which was raised or which could have been raised at trial or on direct appeal. *State v. Perry*, Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Steffen*, 70 Ohio St.3d 399, 639 N.E.2d 67 (1994). Accordingly, the court denies Deft's Petition to Vacate or Set Aside sentence on a theory of res judicata.

{¶17} Therefore, the trial court provided sufficient findings of fact and conclusions of law in its judgment entry denying Campbell's petition. Accordingly, the fifth assignment of error is overruled.

**Leave to Amend Petition**

**{¶18}** In the first assignment of error, Campbell argues the trial court abused its discretion by dismissing his petition for postconviction relief without ruling on his motion to amend the petition.

**{¶19}** In his motion to amend the petition, Campbell explained that he wished to amend the petition "to include deficiency requirements, and add two claims of void abinitio [sic] substantive violations of U.S.C.A. #14, #5," and "to include extensive statement of proceeding and statement of facts." None of the proposed amendments would have raised issues that were not barred by res judicata. Therefore, it was within the court's discretion to deny Campbell's motion to amend the petition as moot.

**{¶20}** Therefore, the first assignment of error is overruled.

### Motion to Disqualify State's Response

**{¶21}** In the second assignment of error, Campbell argues the trial court abused its discretion by failing to rule on his motion to disqualify the state's response to his petition. He contends the state's response should have been stricken as untimely.

**{¶22}** R.C. 2953.21(D) provides that the state must respond to a petition for postconviction relief within ten days after the docketing of the petition. It also gives the trial court discretion to consider responses filed beyond the ten-day deadline "for good cause shown." *Id.*

**{¶23}** The state did not explain why it filed its response after the ten-day deadline. Nevertheless, any error in refusing to strike the response is harmless because Campbell fails to show how his substantial rights were affected by the trial court's acceptance of the

state's late response. Furthermore, because all of the arguments raised in Campbell's petition are barred by res judicata, the court would have denied his petition even in the absence of a response from the state.

{¶24} Therefore, the second assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR