[Cite as *In re J.D.*, 2020-Ohio-3225.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

IN RE:

     J.D.,

A MINOR CHILD.

CASE NO.  13-19-51

**O P I N I O N**

Appeal from Seneca County Common Pleas Court
Juvenile Division
Trial Court No. 21720127

**Judgment Reversed and Cause Remanded**

**Date of Decision:   June 8, 2020**

APPEARANCES:

    *Lauren Hammersmith* **for Appellant**

    *Eleanor J. Anderson* **for Appellee**

**SHAW, P.J.**

{¶1} Appellant J.D., a delinquent child, appeals the November 25, 2019 judgment of the Seneca County Court of Common Pleas, Juvenile Division, overruling his Motion to Vacate Void Adjudication. On appeal, J.D. argues the trial court erred in determining that his motion was an untimely petition for post-conviction relief and as such, also erred in concluding that it did not have jurisdiction to entertain the motion. J.D. further argues that his adjudication for statutory rape is unlawful under the holding by the Supreme Court of Ohio in *In re D.B.*, 129 Ohio St. 3d 104, 2011-Ohio-2671.

*Relevant Facts and Procedural History*

{¶2} On April 6, 2017, the State filed a delinquency complaint alleging that J.D. committed the offense of statutory rape, in violation of R.C. 2907.02(A)(1)(b), a first degree felony if committed by an adult.[1] Specifically, the complaint alleged that J.D. engaged in sexual conduct with a nine-year-old child on multiple occasions in the fall of 2016. J.D. was twelve-years-old at the time the allegations in the complaint occurred.

---

[1] Section 2907.02(A)(1)(b) of the Revised Code states:

> **(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:**
> **\* \* \***
> **(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.**

{¶3} On April 28, 2017, J.D. entered an admission to the statutory rape charge.  The trial court accepted the admission and found J.D. to be a delinquent child.  The trial court imposed a one-year commitment to the Department of Youth Services ("DYS") suspended upon J.D.'s compliance with certain conditions.  Specifically, the trial court placed J.D. on probation and ordered him to participate in and successfully complete a sex offender treatment program at the Northern Ohio Juvenile Community Corrections Facility.

{¶4} On March 25, 2019, the State filed a motion requesting the trial court impose J.D.'s suspended DYS commitment for violating his probation based upon his unsuccessful discharge from sex offender treatment programs at several juvenile facilities.  The next day, the trial court conducted a hearing on the matter.  J.D. entered an admission to the probation violation.  The trial court held in abeyance its ruling on the State's motion to invoke J.D.'s suspended DYS commitment to give J.D. a "last chance" opportunity to complete the required program.

{¶5} On June 14, 2019, the trial court was notified of J.D.'s failure to successfully complete the court-ordered program.  The trial court conducted an evidentiary hearing on the State's motion to invoke J.D.'s suspended DYS commitment. The trial court heard testimony from several witnesses involved with J.D. at various juvenile facilities.  They each established that J.D.'s persistent

disruptive behavior, insubordination, and non-compliance all contributed to his unsuccessful discharges from the sex offender treatment programs at their facilities.

{¶6} On June 19, 2019, the trial court issued a judgment entry finding that J.D. had violated his probation by failing to complete the sex offender treatment program and imposed J.D.'s suspended commitment to DYS.  The trial court ordered that J.D. must complete the sex offender treatment program at DYS prior to his release.

{¶7} On October 23, 2019, J.D. filed a Motion to Vacate Void Adjudication.[2] In this motion, J.D. argued that the trial court's April 28, 2017 Judgment Entry adjudicating him delinquent by reason of statutory rape in violation of R.C. 2907.02(A)(1)(b) is unlawful because approximately six years prior to the commission of the acts alleged in the delinquency complaint and the Juvenile Court's subsequent adjudication thereon, the Supreme Court of Ohio had ruled that a child under the age of 13 years of age may not be adjudicated delinquent for violating R.C. 2907.02(A)(1)(b).  *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671.

{¶8} The Supreme Court of Ohio's 2011 decision in *In re D.B.* involved a 12-year-old child who was found to be delinquent by reason of committing the

---

[2] Counsel for J.D. initially filed a direct appeal from the trial court's judgment entry of June 19, 2019 imposing the DYS commitment.  However, the record reveals that counsel voluntarily dismissed that appeal to pursue the Motion to Vacate Void Adjudication in the trial court.

offense of statutory rape against another child under the age of 13 in violation of

R.C. 2907.02(A)(1)(b), which states that:

> **No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:**
>
> **\* \* \***
>
> **(b) The other person is less than 13 years of age, whether or not the offender knows the age of the other person.**

{**¶9**} The Supreme Court in *D.B.* held that R.C. 2907.02(A)(1)(b) was unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13. *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, syllabus. In analyzing whether or not the 12 year old child's due process rights had been violated, the Supreme Court determined that:

> **As applied to children under the age of 13 who engage in consensual sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.**

*Id*. at ¶ 24.

{**¶10**} The Supreme Court also concluded that the application of R.C. 2907.02(A)(1)(b) violated the equal protection clause because both children

engaged in sexual conduct with a person under the age of thirteen, but only D.B. was charged. *D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, at ¶ 31-32. Specifically, the Supreme Court stated that under the plain language of the statute, "every person who engages in sexual conduct with a child under the age of 13 is strictly liable for statutory rape, and the statute must be enforced equally and without regard to the particular circumstances of an individual's situation." *Id*. at ¶ 30. Thus, because D.B. and the victim were both under the age of 13 at the time of the alleged offense, the Supreme Court found that "they were both members of the class protected by the statute, and both could have been charged under the offense. Application of the statute in this case to a single party violates the Equal Protection Clause's mandate that persons similarly circumstanced shall be treated alike." *Id*.

{¶11} On November 18, 2019, the trial court held a hearing on J.D.'s motion to vacate his adjudication.

{¶12} On November 25, 2019, the trial court overruled the Motion to Vacate Void Adjudication, finding that the motion was in effect an untimely petition for post-conviction relief that failed to meet the requirements of R.C. 2953.21 and R.C. 2953.23. As a result, the trial court found that it was without jurisdiction to consider the merits of the Motion to Vacate Void Adjudication.

{¶13} J.D. filed this appeal, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THE SENECA COUNTY JUVENILE COURT ERRED WHEN IT DETERMINED THAT IT WAS WITHOUT JURISDICTION TO RULE ON J.D.'S REQUEST TO VACATE HIS VOID SENTENCE [SIC].** *IN RE N.G.*, 3D DIST. HANCOCK NO. 5-13-35, 2014-OHIO-3190, ¶ 7; 11/25/2019 ENTRY.

### ASSIGNMENT OF ERROR NO. 2

**THE SENECA COUNTY JUVENILE COURT ERRED WHEN IT DENIED J.D.'S MOTION TO VACATE HIS ADJUDICATION FOR STATUTORY RAPE UNDER R.C. 2907.02(A)(1)(b) WHEN HE WAS UNDER THE AGE OF 13 WHEN THE OFFENSES IN THIS CASE WERE ALLEGED TO HAVE OCCURRED.** *IN RE D.B.*, 129 OHIO ST.3D 104, 2011-OHIO-2671, 950 N.E.2D 525, ¶ 33.

*First Assignment of Error*

{¶14} In his first assignment of error, J.D. argues that the trial court erred when it elected to treat his Motion to Vacate Void Adjudication as an untimely petition for post-conviction relief under R.C. 2953.21 and R.C. 2953.23, and concluded that it lacked jurisdiction to rule on the merits. In reaching this determination, the trial court relied on a prior case from this Court, *In the matter of J.P.*, 3d Hancock No. 5-12-31, 2013-Ohio-1007.

{¶15} In *J.P.*, the juvenile offender (J.P.) filed a petition for post-conviction relief in February of 2012 alleging that his 2005 adjudication for statutory rape in violation R.C. 2907.02(A)(1)(b) was unconstitutional based upon the subsequently released Supreme Court of Ohio's 2011 decision *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671. *J.P.*, 2013-Ohio-1007 at ¶ 7. We affirmed the trial court's

judgment dismissing J.P.'s petition for post-conviction relief on the basis that the petition did not meet the criteria stated in R.C. 2953.23(A)(1). These statutory criteria must be established in order for the trial court to obtain jurisdiction to entertain a post-conviction petition that has been filed after the expiration of the prescribed statutory time limit, which in J.P.'s case would have been 180 days after the trial transcript was filed with the court of appeals in the direct appeal from the trial court's 2005 judgment of disposition. *Id*. at ¶ 19.

{¶16} Specifically, R.C. 2953.23(A)(1) states that:

**(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:**

**(1) Both of the following apply:**

**(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

**(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional**

> **error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.**

R.C. 2953.23(A)(1).

**{¶17}** In his petition, J.P. did not allege any new factual evidence in his case, but instead he claimed that a new state "right" had been recognized by the Supreme Court of Ohio in *D.B. J.P.*, 2013-Ohio-1007 at ¶ 15. However, we determined that J.P. had failed to establish that the Supreme Court of Ohio's holding in *D.B.* satisfied the requirements of R.C. 2953.23(A)(1)(a) because it was not a new "right" recognized by the United States Supreme Court, and there was also no indication that *D.B.* was intended to be applied retroactively. *Id.* at ¶¶ 17-18. Accordingly, we concluded that J.P. failed to meet the requirements to invoke the trial court's jurisdiction to entertain an untimely petition for post-conviction relief under R.C. 2953.21 and R.C. 2953.23.

**{¶18}** There are several aspects of the instant case that distinguish it from our prior case, J.P. At the outset, J.D. did not seek relief pursuant to R.C. 2953.21 and R.C. 2953.23. Moreover, at the time the complaint in this case was filed and the trial court adjudicated J.D. delinquent in 2017, the Supreme Court had already issued its decision in *D.B.* six years prior, rendering it unlawful for J.D. to be adjudicated delinquent by reason of a violation of R.C. 2907.02(A)(1)(b).

{¶19} Although perhaps not articulated as specifically as it could be, it is apparent that the Motion to Vacate Void Adjudication is challenging J.D.'s entry of an admission, the trial court's acceptance of that admission and subsequent adjudication of delinquency to a statutory offense that the Supreme Court of Ohio had already held cannot be a basis for such an adjudication. As such, the record in this case demonstrates that beginning with the complaint itself, the entire process underlying the trial court's adjudication of J.D. as a delinquent child was fatally flawed. Specifically, the parties and the trial court were all operating under a mutual mistake of law when J.D. was charged with statutory rape in violation of R.C. 2907.02(A)(1)(b), when J.D. entered an admission to the unlawful charge, when the trial court accepted J.D.'s admission, and when the trial court entered an adjudication of delinquency thereon.

{¶20} Juvenile Rule 29(D) states that a court "shall not accept an admission without addressing the party personally and determining" that "[t]he party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission* * *." Juv.R. 29(D)(1). Clearly, J.D.'s admission to a statutory offense that the Supreme Court has deemed to be unconstitutional as applied to him cannot be said to be voluntarily entered "with understanding of the nature of the allegations and the consequences of the admission." *Id*. Therefore, we cannot conclude that Juv.R. 29(D) was complied with when J.D. entered and the

Juvenile Court accepted his admission to statutory rape in violation of R.C. 2907.02(A)(1)(b), in direct contravention of the law as set forth in the Supreme Court's holding in *D.B.*

{¶21} By way of analogy, we have recognized in the context of Crim. R. 32.1, when an adult offender files a motion to withdraw a guilty plea, that a "manifest injustice" has occurred when the parties are under a mutual mistake of law at the time the plea was entered. *See State v. Youngpeter*, 3d Dist. Van Wert Nos. 15-04-09, 15-04-10, 2005-Ohio-329, ¶ 16 ("After reviewing the record, it appears that there was a specific misunderstanding and mistake of law by the court and the prosecution as to whether Youngpeter could be charged with violating the protection order that she obtained against Roger Lewis. A fundamental error of this nature is sufficient to constitute a manifest injustice under Crim.R. 32.1."). Moreover, we also have previously determined that a "specific misunderstanding and mistake of law by court and counsel * * *, which is corroborated by the record, is sufficient to void the plea and is therefore sufficient to constitute a manifest injustice under Crim. R. 32.1." *State v. Cook*, 3d Dist. Putnam No. 12-01-15, 2002-Ohio-2846, ¶ 12.

{¶22} In general, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12.  We

acknowledge that a motion to vacate might under certain circumstances be properly characterized as a petition for post-conviction relief when it is filed subsequent to a direct appeal (or the expiration of the time for filing a direct appeal), it claims the denial of a constitutional right, it seeks to void a voidable judgment, and asks for the vacation of the judgment and sentence. *See id.*; *State v. Reynolds*, 79 Ohio St.3d 158 (1997). "Where, on the other hand, the judgment is void, not voidable, the trial court can act under its inherent authority to vacate the void judgment, and it need not construe a motion to vacate as a petition for post-conviction relief." *State v. Moore*, 2d Dist. Clark No. 2013 CA 97, 2014-Ohio-4411, ¶ 13.

{¶23} Here, the record establishes a fundamental error in the acceptance of J.D.'s admission sufficient to render the admission and subsequent adjudication of delinquency thereon void. Therefore, we find that J.D.'s motion does not fall within the purview of R.C. 2953.21 and R.C. 2953.23. Accordingly, we believe it was error for the trial court to dismiss J.D.'s Motion to Vacate Void Adjudication as an untimely petition for post-conviction relief. Rather, we conclude that the record demonstrated a legitimate basis for the trial court to consider the merits of the motion as a motion to withdraw and/or vacate the admission under Juv.R. 29(D), as we have just done. *See In re D.D.*, 3d Dist. Putnam No. 12-18-19, 2019-Ohio-2073 (considering a motion to withdraw an admission under a Juv.R. 29(D) analysis). For these reasons, we sustain the first assignment of error.

*Second Assignment of Error*

{¶24} In his second assignment of error, J.D. argues that the trial court violated his right to due process when it committed him to DYS based on an unconstitutional adjudication. Again, J.D. cites *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, in support of his argument that his probation violation was based on an unlawful underlying adjudication for statutory rape in violation of R.C. 2907.02(A)(1)(b). Based upon our discussion and disposition of the first assignment of error, we agree. Accordingly, we also sustain the second assignment of error.

{¶25} Based upon the foregoing, the assignments of error are sustained, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**