[Cite as *In re C.B.*, 2025-Ohio-5781.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY

IN RE:

    C.B.,

ADJUDICATED DELINQUENT
CHILD.

CASE NO. 5-25-15

OPINION AND
JUDGMENT ENTRY

Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 20192210

Judgment Affirmed

Date of Decision:  December 29, 2025

APPEARANCES:

    *Christopher R. Bucio* for Appellant

    *Justin Kahle* for Appellee

**WILLAMOWSKI, J.**

{¶1} Appellant C.B., a delinquent child, appeals the judgment and sentence of the Juvenile Division of the Hancock County Court of Common Pleas, arguing that the trial court erred by (1) considering a response from the State that was submitted after a filing deadline; (2) denying his motion to vacate a void adjudication; and (3) denying his motion to withdraw his admissions. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} In 2018, C.B. was twelve years old and lived in Hancock County with his parents and several siblings. His younger sister, B., was ten years old and had been diagnosed with autism. In December of 2018, C.B. attempted to have vaginal intercourse with B. However, he was unable to penetrate her and only made contact with the outside of her body. On at least three other occasions, C.B. had B. perform oral sex acts on him in December of 2018, January of 2019, and February of 2019. Eventually, C.B.'s mother caught C.B. and notified the authorities.

{¶3} On October 29, 2019, a complaint was filed that alleged C.B. was a delinquent child for committing three counts of rape in violation of R.C. 2907.02(A)(1)(c), first-degree felonies if committed by an adult, and one count of attempted rape in violation of R.C. 2907.02(A)(1)(c) and R.C. 2923.02(A)(1), a second-degree felony if committed by an adult.

{¶4} At a hearing on March 3, 2020, the State moved to amend the third and fourth counts in the complaint pursuant to discussions between the parties. After the trial court granted this motion, the third count of rape and the count of attempted rape were amended to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), fourth-degree felonies if committed by an adult.

{¶5} Following a colloquy with the trial court, C.B. admitted to two counts of rape in violation of R.C. 2907.02(A)(1)(c), first-degree felonies if committed by an adult, and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), fourth-degree felonies if committed by an adult. The trial court accepted these four admissions and found that C.B. was a delinquent child.

{¶6} On May 13, 2020, the trial court held a dispositional hearing. On May 19, 2020, the trial court issued a judgment entry, imposing a two-year commitment to the Department of Youth Services that was suspended provided that C.B. "successfully complete all Court Orders and Community Control Sanctions." (Doc. 16). No direct appeal was filed from this judgment.

{¶7} On August 1, 2024, C.B. filed a motion to withdraw his admissions ("motion to withdraw"). He asserted that the trial court did not inform him that the two findings of delinquency for rape in his case "were permanently barred from sealing." (Doc. 30). Based on this assertion, he argued that the Juv.R. 29(D) colloquy was inadequate and that his admissions were not knowingly, intelligently, or voluntarily entered. After holding a hearing on this matter, the trial court denied

C.B.'s motion to withdraw on November 25, 2024. No notice of appeal was filed from this judgment.

{¶8} On February 3, 2025, C.B. filed a motion to vacate his adjudication as void ("motion to vacate"). He asserted that the four charges that led to his delinquency adjudications were unconstitutional under the Supreme Court of Ohio's *In re D.B.* decision. *Id.*, 2011-Ohio-2671, ¶ 31. This decision held that "R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13." *Id.* at syllabus. Based on this argument, C.B. also asserted that his admissions could not have been entered knowingly, intelligently, or voluntarily.

{¶9} The trial court issued an order that set February 27, 2025 as the deadline for the State to file a response to C.B.'s motion to vacate. On March 7, 2025, the State filed its response, noting that *In re D.B.* addressed charges brought under R.C. 2907.02(A)(1)(b) and that C.B. had entered admissions to two counts of rape in violation of R.C. 2907.02(A)(1)(c). Doc. 37. *In re D.B.* at ¶ 32. In his reply, C.B. argued that the trial court should strike the State's response as untimely. The trial court later decided to permit the State's response.

{¶10} On April 2, 2025, the trial court held a hearing on C.B.'s motion to vacate. The attorney ("former counsel") who represented C.B. during his adjudication testified that he was unaware of *In re D.B.* at the time of this earlier

proceeding and that he believed that the reasoning of that decision should extend to the charges that led to C.B.'s delinquency adjudications.

{¶11} On May 28, 2025, the trial court denied C.B.'s motion to vacate. The trial court concluded that C.B.'s admissions and adjudication were not void as alleged because C.B. had entered admissions to charges that were not subject to the reasoning of *In re D.B.* The trial court also found that C.B. could not prevail when his filing was considered as a petition for postconviction relief.

{¶12} C.B. filed his notice of appeal on June 3, 2025. On appeal, he raises the following three assignments of error:

### First Assignment of Error

**The Trial Court Erred by Accepting and Relying Upon the State's Untimely Filing Without Leave or Good Cause.**

### Second Assignment of Error

**The Trial Court Erred as a Matter of Law by Failing to Find That the Juvenile's Adjudication was Void Because it was Entered as the Result of Constitutionally Ineffective Assistance of Counsel, and is Not Subject to the Statutory Time Bar or Res Judicata under R.C. 2953.23(A)(1).**

### Third Assignment of Error

**The Trial Court Erred as a Matter of Law by Failing to Find That the Juvenile's Adjudication was Void Because the Court did not Comply with its Non-Waivable Duties Under Juv.R. 29(D), Rendering the Admission Unknowing, Unintelligently, and Involuntary.**

In our analysis, we are going to consider the second assignment of error before the first and third assignments of error.

*Second Assignment of Error*

**{¶13}** C.B. argues that the trial court erred in concluding that *In re D.B.*, 2011-Ohio-2671, did not apply to the rape charges in his case and that he could not prevail when his filing was considered as a petition for postconviction relief.[1]

Legal Standard

**{¶14}** "Postconviction review is not a constitutional right, but is a collateral civil attack on a judgment that is governed solely by R.C. 2953.21." *State v. Keith*, 2008-Ohio-741, ¶ 24 (3d Dist.). A petition for postconviction relief may be filed by

> [a]ny person who has been . . . adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

R.C. 2953.21(A)(1)(a)(i). "If no direct appeal was taken, a petition filed pursuant to R.C. 2953.21(A)(1)(a)(i) 'shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.'" *State v. Williams*, 2024-Ohio-2676, ¶ 8 (3d Dist.), quoting R.C. 2953.21(A)(2)(a).

---

[1] In his brief, C.B.'s arguments challenge his adjudications for rape in violation of R.C. 2907.02(A)(1)(c). While he also challenged his adjudications for gross sexual imposition in violation of R.C. 2907.05(A)(5) in his motion to vacate, he does not reassert these arguments on appeal. For this reason, we will only address the rape charges in our analysis. *See also In re J.T.*, 2018-Ohio-457, ¶ 22-23 (3d Dist.); *In re D.A.*, 2022-Ohio-1359, ¶ 28, 35 (3d Dist.).

{¶15} However, R.C. 2953.23(A) provides exceptions to these timeliness requirements. The exception provided in R.C. 2953.23(A)(1) is applicable where the petition satisfies the conditions set forth in the following two subsections:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in . . . [R.C. 2953.21(A)(2)], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1)(a)-(b). Further, res judicata can operate to bar a petitioner from raising any claim or defense that was raised or could have been raised on direct appeal. *State v. Richard*, 2025-Ohio-2943, ¶ 14 (3d Dist.) "[R]es judicata can apply even where no direct appeal was filed." *Williams* at ¶ 11.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, ninth paragraph of the syllabus. This doctrine "does not bar a [litigant] . . . from raising ineffective assistance in a petition . . . if

the claim is based on evidence outside the record." *State v. Green*, 2024-Ohio-5254, ¶ 23 (3d Dist.). *See State v. Hatton*, 2022-Ohio-3991, ¶ 22.

{¶16} However, "Ohio law recognizes a critical exception to these procedural barriers . . . ." *State v. Hale*, 2024-Ohio-4621, ¶ 10 (12th Dist.). "Where . . . the judgment is void . . ., the trial court can act under its inherent authority to vacate the void judgment . . . ." *In re J.D.*, 2020-Ohio-3225, ¶ 22 (3d Dist.). For this reason, "a void judgment can be challenged at any time." *State v. Reed*, 2022-Ohio-3461, ¶ 17 (2d Dist.).

{¶17} When a motion to vacate challenges a conviction or adjudication as void, "the trial court must first determine whether the argument is colorable before deciding the motion is actually an untimely petition for post-conviction relief and dismissing the motion for lack of jurisdiction." *In re N.G.*, 2014-Ohio-3190, ¶ 7 (3d Dist.). *See State v. Covington*, 2020-Ohio-390, ¶ 12 (2d Dist.). This may require the trial court to examine "the merits of otherwise untimely petitions . . . ." *State v. Alexander*, 2018-Ohio-1198, ¶ 15 (8th Dist.).

{¶18} Ultimately, "it is the substance of a motion, not the caption, that determines the nature of a motion." *State v. Becker*, 2006-Ohio-148, ¶ 5 (12th Dist.). For this reason, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *J.D.*, 2020-Ohio-3225, at ¶ 22 (3d Dist.), quoting *State v. Schlee*, 2008-Ohio-545, ¶ 12.

[As a result,] a motion to vacate might under certain circumstances be properly characterized as a petition for post-conviction relief when [1] it is filed subsequent to a direct appeal (or the expiration of the time for filing a direct appeal), [2] it claims the denial of a constitutional right, [3] it seeks to void a voidable judgment, [4] and asks for the vacation of the judgment and sentence.

*J.D.* at ¶ 22 (3d Dist.). But if "the judgment is void, not voidable, the trial court . . . need not construe a motion to vacate as a petition for post-conviction relief." *Id.*

Standard of Review

**{¶19}** "A trial court's decision to grant or deny a petition for postconviction relief after an evidentiary hearing is reviewed for an abuse of discretion." *State v. Bunch*, 2022-Ohio-4723, ¶ 25. "An abuse of discretion is not merely an error of judgment but is present where a decision is arbitrary, unreasonable, or unconscionable." *State v. Greenawalt*, 2025-Ohio-4906, ¶ 41 (3d Dist.).

Legal Analysis

**{¶20}** In his motion to vacate, C.B. argued that the charges against him were unconstitutional under the Supreme Court of Ohio's *In re D.B.* decision and that his admissions to these charges could not, therefore, be considered knowing, intelligent, or voluntary. *See D.B.*, 2011-Ohio-2671, at ¶ 32. In our *In re J.D.* decision, we indicated that *In re D.B.* could provide a basis for finding an "admission and subsequent adjudication of delinquency thereon void." *J.D.*, 2020-Ohio-3225, at ¶ 23 (3d Dist.). Specifically, we concluded that

it was error for the trial court to dismiss J.D.'s Motion to Vacate Void Adjudication as an untimely petition for post-conviction relief.

-9-

> Rather, we conclude that the record demonstrated a legitimate basis for the trial court to consider the merits of the motion as a motion to withdraw and/or vacate the admission under Juv.R. 29(D) . . . .

*Id*. Because of the conclusion in our *In re J.D.* decision, the trial court considered the arguments in C.B.'s motion to vacate before determining whether C.B. could prevail on his filing as a petition for postconviction relief. Thus, we begin our review by examining how the trial court handled the arguments that C.B. raised based upon *In re D.B.*, 2011-Ohio-2671, at ¶ 32.

{¶21} The Supreme Court of Ohio's *In re D.B.* decision examined a situation in which a twelve-year-old, D.B., was adjudicated a delinquent child on multiple counts of rape in violation of R.C. 2907.02(A)(1)(b) for his conduct with an eleven-year-old. *D.B.* at ¶ 2, 8.

> R.C. 2907.02(A)(1)(b) criminalizes what is commonly known as 'statutory rape.' The statute holds offenders strictly liable for engaging in sexual conduct with children under the age of 13—force is not an element of the offense because a child under the age of 13 is legally presumed to be incapable of consenting to sexual conduct.

*Id*. at ¶ 13. In his appeal, D.B. asserted that R.C. 2907.02(A)(1)(b) was unconstitutionally vague as applied to a child under the age of thirteen and that his adjudication for statutory rape denied him equal protection. *Id*. at ¶ 11.

{¶22} Both of these assertions were ultimately found to have merit. *D.B.*, 2011-Ohio-2671, at ¶ 26, 31. After considering D.B.'s vagueness argument, the Supreme Court of Ohio concluded that,

> [a]s applied to children under the age of 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.

*Id.* at ¶ 24. The Supreme Court of Ohio then considered D.B.'s equal protection argument, stating the following:

> Because . . . both [parties were] under the age of 13 at the time the events in this case occurred, they were both members of the class protected by the statute, and both could have been charged under the offense. Application of the statute in this case to a single party violates the Equal Protection Clause's mandate that persons similarly circumstanced shall be treated alike.

*Id.* at ¶ 30. For these reasons, R.C. 2907.02(A)(1)(b) was held to be "unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13." *Id.* at ¶ 33.

{¶23} In the case presently before us, C.B. did *not* admit to a charge of statutory rape in violation of R.C. 2907.02(A)(1)(b). Rather, he entered admissions to two counts of rape in violation of R.C. 2907.02(A)(1)(c). This code section prohibits a person from having sexual conduct with another when

> [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition . . . , and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition . . . .

R.C. 2907.02(A)(1)(c). However, in his motion to vacate, C.B. asserted that the reasoning of *In re D.B.* should extend to charges of rape that are brought against children under thirteen pursuant to R.C. 2907.02(A)(1)(c).

{¶24} In examining C.B.'s assertion, the trial court noted that the Supreme Court of Ohio described the extent of its *In re D.B.* holding as follows:

> We note that while we hold that R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under the age of 13, a child under the age of 13 may be found guilty of rape if additional elements are shown: the offender substantially impairs the other person's judgment or control, R.C. 2907.02(A)(1)(a); *the other person's ability to resist or consent is substantially impaired because of a mental or physical condition, R.C. 2907.02(A)(1)(c)*; or the offender compels the other person to submit by force or threat of force, R.C. 2907.02(A)(2).

(Emphasis added.) *D.B.*, 2011-Ohio-2671, at ¶ 28. Based on this passage, the trial court pointed out that the charges against C.B. had "additional elements" that were not contained in the code section defining statutory rape. (Doc. 44).

{¶25} The presence of these additional elements means that "R.C. 2907.02(A)(1)(c) is not a strict-liability statute" in contrast to R.C. 2907.02(A)(1)(b). *In re L.S.*, 2018-Ohio-4758, ¶ 40 (6th Dist.). These additional elements also forestall the constitutional concerns that *In re D.B.* identified with charging a child under thirteen with statutory rape under R.C. 2907.02(A)(1)(b). As noted previously,

> [a] violation of [R.C. 2907.02(A)(1)(c)] occurs where (1) one person's ability to resist or consent to sexual conduct is substantially impaired, (2) the second person is aware of the other's substantial impairment,

and (3) the second person engages in sexual conduct with the first person despite this awareness.

*Id.* These elements provide a basis for "delineate[ing] who is a victim and who is an offender." *Id.* *See D.A.*, 2022-Ohio-1359, ¶ 28, 34-35 (3d Dist.) (finding *In re D.B.* did not extend to a gross sexual imposition charge under R.C. 2907.05(A)(5) because this offense include a mens rea element: the offender must "know" that the victim's ability to "resist or consent" was "substantially impaired because of a mental or physical condition . . . ."); R.C. 2907.02(A)(1)(c).

{¶26} In the case presently before us, C.B. admitted to the charges of rape in violation R.C. 2907.02(A)(1)(c) and stipulated to the facts contained in the police report. While *In re D.B.* presented a situation in which both children could be considered the offender and the victim, the facts in the record establish that B. was the victim in this case. Thus, C.B.'s situation did not present the trial court with the vagueness issue that *In re D.B.* identified. *D.B.*, 2011-Ohio-2671, at ¶ 24.

{¶27} Further, *In re D.B.* presented a situation in which *both* of the children involved in the incidents at issue could have been charged with statutory rape for their conduct under R.C. 2907.02(A)(1)(b). While these children were similarly situated in these incidents, R.C. 2907.02(A)(1)(b) was arbitrarily enforced against only one of those children, giving rise to the equal protections concerns identified by *In re D.B.*, 2011-Ohio-2671, at ¶ 30-31.

{¶28} In the case presently before us, two children were involved in the incidents at issue. However, the record does not contain a fact or allegation from which an argument could be made that B.'s conduct violated R.C. 2907.02(A)(1)(c). The trial court noted that B. was autistic and "impaired due to her mental condition." (Doc. 44). Since only C.B.'s conduct violated R.C. 2907.02(A)(1)(c), this provision was not arbitrarily enforced when charges were only brought against him. *See In re K.A.*, 2013-Ohio-2997, ¶ 12 (8th Dist.) (addressing an equal protection argument based upon *In re D.B.* that challenged a gross sexual imposition charge); *D.A.*, 2022-Ohio-1359, at ¶ 34 (3d Dist.). Thus, C.B.'s situation did not present the trial court with the equal protection issue identified by *In re D.B.*, 2011-Ohio-2671, at ¶ 31.

{¶29} After holding a hearing on the motion to vacate, the trial court correctly concluded that *In re D.B.* was distinguishable from the situation in the case presently before us. Having determined that C.B. had failed to demonstrate that his admissions and adjudication were void, the trial court found that C.B. could not prevail if his filing was considered as a petition for postconviction relief.

{¶30} On appeal, C.B. asserts that the trial court erred because his petition presented an ineffective assistance of counsel claim that was based on new evidence that he was unavoidably prevented from discovering. Based on this argument, he asserts that his petition falls within the timeliness exception in R.C. 2953.23(A)(1). However, we had to examine the merits of C.B.'s arguments to determine whether he had established that his admissions and adjudication were void. For this reason,

we do not ultimately need to decide whether the R.C. 2953.23(A)(1) exception is applicable because our resolution of his arguments establishes that he could not have prevailed on his petition even if it had been timely filed.

{¶31} An ineffective assistance of counsel claim requires the petitioner to establish (1) that trial counsel's performance was deficient and (2) that this deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." *Id.* at 694.

{¶32} In support of his ineffective assistance of counsel claim, C.B. points to the testimony that his former counsel gave at the hearing held by the trial court. His former counsel testified that, at the time of the adjudication in 2020, he was unaware of the *In re D.B.* decision that had been rendered in 2011. *In re D.B.*, 2011-Ohio-2671. He acknowledged that *In re D.B.* addressed R.C. 2907.02(A)(1)(b) but testified that he believed its reasoning should extend to R.C. 2907.02(A)(1)(c). He stated that, if he had been aware of this decision, he would have handled this case differently and filed a motion to dismiss.

{¶33} Based on this testimony, C.B. argues that his former counsel's performance was deficient because he failed to raise arguments based on the

reasoning of *In re D.B.* However, in this assignment of error, we considered the arguments that C.B. believes his former counsel should have raised during his adjudication. We found these arguments to be without merit, concluding that his adjudications for rape in violation of R.C. 2907.02(A)(1)(c) were not subject to the reasoning of *In re D.B.* "The failure to raise meritless arguments does not constitute deficient performance." *State v. Dendinger*, 2023-Ohio-4255, ¶ 25 (3d Dist.).

{¶34} Similarly, C.B. cannot demonstrate that the outcome of his adjudication would have been different if his counsel had raised arguments based upon *In re D.B.* that have since been rejected by the trial court and by this Court on appeal. *State v. Lewis*, 2020-Ohio-6894, ¶ 25 (3d Dist.). Since C.B. still cannot establish either prong of his ineffective assistance of counsel claim, the trial court did not err in concluding that C.B. cannot prevail when his filing is considered as a petition for postconviction relief.

{¶35} In summary, the trial court did not err in concluding that C.B.'s arguments based upon *In re D.B.* failed to establish that his adjudications for rape were void. Further, the trial court did not abuse its discretion in determining that C.B. could not prevail when his filing was considered as a petition for postconviction relief. Accordingly, the second assignment of error is overruled.

*First Assignment of Error*

**{¶36}** C.B. contends that the trial court erred in denying his motion to strike the State's response to his motion to vacate.

Legal Standard

**{¶37}** "[T]rial courts have inherent power to manage their own dockets." *State ex rel. Charvat v. Frye*, 2007-Ohio-2882, ¶ 23.  For this reason, the decision "to grant or deny a motion to extend a court-ordered deadline or a motion to strike an untimely filed motion is . . . committed to the trial court's sound discretion." *State v. Dunbar*, 2020-Ohio-4568, ¶ 36 (8th Dist.), quoting *Cromartie v. Goolsby*, 2010-Ohio-2604, ¶ 18 (8th Dist.).  Thus, a ruling on a motion to strike will not be overturned on appeal absent an abuse of discretion.  *State v. Norman*, 2019-Ohio-4020, ¶16 (10th Dist.).  "An abuse of discretion is not merely an error of judgment but is present where a decision is arbitrary, unreasonable, or unconscionable." *Greenawalt*, 2025-Ohio-4906, at ¶ 41 (3d Dist.).

Legal Analysis

**{¶38}** In this case, the trial court issued an order that set a hearing on C.B.'s motion to vacate for March 18, 2025 and gave the State until February 27, 2025 to file a response.  The State filed its response to the motion to vacate on March 7, 2025.  The hearing on the petition was subsequently rescheduled from March 18, 2025 to April 2, 2025.

{¶39} On March 18, 2025, C.B. filed a reply that argued the State's response should be stricken as untimely. However, the trial court decided to consider the State's response since the hearing on the petition had been continued from March 18, 2025 to April 2, 2025. This delay ensured that C.B. could file a reply to the arguments in the State's response on March 18, 2025.

{¶40} On appeal, C.B. asserts that the trial court abused its discretion in considering this response. However, the State correctly points out that the arguments contained in its untimely filing were later made by the prosecutor orally to the trial court at the hearing on the motion to vacate. For this reason, the State asserts that C.B. cannot demonstrate prejudice since a hearing was held in this case.

{¶41} The trial court also conducted a thorough analysis of the evidence presented at the hearing and C.B.'s arguments before finding them to be meritless in its judgment entry. *State v. Jackson*, 2024-Ohio-2091, ¶ 44 (2d Dist.). Further, under the second assignment of error, we examined these same arguments and also found them to be without merit. *State v. Wood*, 2025-Ohio-2170, ¶ 74 (2d Dist.).

{¶42} In summary, C.B. has not raised an argument on appeal that establishes he was prejudiced by the trial court's consideration of the State's response. Thus, even if the trial court erred in considering this filing, we conclude that any resulting error was harmless. *State v. Campbell*, 2014-Ohio-499, ¶ 23 (8th Dist.). Accordingly, the first assignment of error is overruled.

*Third Assignment of Error*

{**¶43**} C.B. asserts that his admissions were not entered knowingly, intelligently, and voluntarily because the Juv.R. 29(D) colloquy did not mention that records of delinquency findings for rape cannot be sealed.

Legal Standard

{**¶44**} Pursuant to App.R. 4(A), a notice of appeal must generally be filed within thirty days of when the final order identified therein was entered. This time requirement "must be carefully followed because failure to file a timely notice of appeal under App.R 4(A) is a jurisdictional defect." *In re H.F.*, 2008-Ohio-6810, ¶ 17. *See* App.R. 3(A). Thus, when a notice of appeal is not timely filed, "the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." *In re B.J.M.*, 2016-Ohio-7651, ¶ 23 (11th Dist.), quoting *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). On appeal, reviewing courts "are required to raise jurisdictional questions sua sponte." *In re C.B.*, 2014-Ohio-3784, ¶ 8 (12th Dist.).

Legal Analysis

{**¶45**} The arguments raised in this assignment of error were presented to the trial court in the motion to withdraw that C.B. filed on August 1, 2024. In this motion, he argued that the Juv.R. 29(D) colloquy was inadequate because the trial court did not inform him that records of delinquency findings for rape could not be

sealed. Doc. 30. This was one of several arguments that C.B. used to assert that his admissions were not knowingly, intelligently, or voluntarily entered.

**{¶46}** On November 25, 2024, the trial court issued a judgment entry that decided these arguments and denied C.B.'s motion to withdraw after having held a hearing on this matter. However, no timely notice of appeal was filed from this judgment. *See In re W.P.P.*, 2016-Ohio-345, ¶ 9 (4th Dist.). Thus, the issues decided by the trial court's November 25, 2024 judgment entry are not properly before this Court. Since the arguments raised herein challenge the November 25, 2024 judgment entry, we do not address these issues. Accordingly, the third assignment of error is overruled.

*Conclusion*

**{¶47}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Juvenile Division of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

Case No. 5-25-15

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

DATED:
/hls